Zide JIANG, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 08–0273–ag.

United States Court of Appeals, Second Circuit.

Sept. 4, 2008.

Gary J. Yerman, New York, New York, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Terri J. Scadron, Assistant Director, Kathryn L. Deangelis, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Zide Jiang, a native and citizen of the People's Republic of China, seeks review of a December 26, 2007 order of the BIA affirming the February 10, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zide Jiang*, No. A98 560 564 (B.I.A. Dec. 26, 2007), *aff'g* No. A98 560 564 (Immig.Ct.N.Y.City, Feb. 10, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, because Jiang has failed to challenge the agency's denial of CAT relief before this Court, and because addressing this argument does not appear to be necessary to avoid manifest injustice, we deem any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice*, 413 F.3d 188, 191 n. 4 (2d Cir. 2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Tanov v. INS*, 443 F.3d 195, 198 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007).

We find no error in the BIA's determination that Jiang's wife's forced abortion and sterilization do not constitute past persecution as to Jiang. As we have held, "the statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309 (2d Cir.2007) (en banc); *see also Matter of J–S–*, 24 I. & N. Dec. 520, 521 (A.G. 2008). Accordingly, to the extent Jiang's petition for review is based on his wife's forced abortion and sterilization, it "is doomed." *See Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir.2007); *Gui Yin Liu v. INS*, 508 F.3d 716, 723 (2d Cir.2007).

Even where an applicant has not suffered a forced abortion or sterilization, he or she may still establish eligibility for relief based on his or her own resistance to a family planning policy. 8 U.S.C. § 1101(a)(42)(B). Here, the BIA found Jiang ineligible for asylum or withholding of removal based on his wife's forced abortion and sterilization. Jiang argues that the BIA erred in finding that he had not demonstrated "other resistance" to a coercive population control program because the BIA may not make findings of fact or engage in *de novo* review of the IJ's factual findings. This argument is entirely without merit as it mischaracterizes the record. Contrary to Jiang's arguments, the BIA never considered whether Jiang's evidence demonstrated resistance to a coercive population control program. Instead, the BIA only found that Jiang was not eligible for asylum and withholding of removal based on his wife's past mistreatment.

Jiang also argues that this Court should remand his case to the agency for it to determine whether he demonstrated past persecution or a well-founded fear of persecution due to his "other resistance" to China's family planning policy. However, because Jiang never made such a claim before the agency, it is unexhausted and we will not review it in the first instance or order the BIA to do so. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007). Jiang contends that he never raised an other resistance claim before the agency because, at the time he filed his application, his wife's forced abortion and sterilization alone demonstrated eligibility for relief. Such argument is unavailing where since 1996, asylum applicants have been able to establish eligibility for relief based on an other resistance claim. *See* Illegal Immigrant Reform and Immigrant Responsibility Act § 601(a)(1), 110 Stat. At 3009–689 (amending 8 U.S.C. § 1101(a)(42)). That Jiang elected to pursue another avenue for relief does not excuse his failure to exhaust another potentially viable claim. *Cf. Gui Yin Liu*, 508 F.3d at 723. Thus, because Jiang failed to establish any facts or raise any arguments before the agency with respect to his other resistance claim, and because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider this issue. *See Lin Zhong*, 480 F.3d at 124. Because Jiang advances no other arguments, this failure to exhaust is dispositive to his petition for review.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).